**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| ex rel ANNE M. FAGO, : | |
| : | |
| Realtor, : | |
| : | |
| BRINGING THIS ACTION ON : | |
| BEHALF OF THE UNITED STATES : | Civil Action No. 03-1406 (GK) |
| OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| M&T MORTGAGE CORPORATION, : | |
| : | |
| Defendant. : | |

**MEMORANDUM OPINION**

Plaintiff has filed a Motion to Strike Untimely Declarations From Three Undisclosed Witnesses and Another Declaration Containing an Undisclosed Expert Opinion. Upon consideration of Plaintiff's Motion (which also included a request to strike M&T's new argument in its Reply brief regarding indemnification of HUD), Defendant's Opposition, Plaintiff's Reply, and the entire record herein, the Motion is **granted in part and denied in part**.

1.   Plaintiff seeks to strike the declarations of three individuals that were attached to the Reply Memorandum M&T submitted in support of its Motion for Summary Judgment.  None of these individuals were disclosed to Plaintiff, pursuant to Fed. R. Civ. P. 26(a)(1), and consequently, never deposed by Plaintiff during discovery.  Defendant M&T responds that these new declarations were filed as part of its reply to Plaintiff's Opposition to the Motion for Summary Judgment, and therefore they "could not have been filed as part of MTMC's summary judgment motion unless

MTMC was clairvoyant." Defendant's Opp. at 5. M&T totally misconceives Plaintiff's argument. Rule 26(a)(1) requires disclosure of any individuals "likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment." M&T failed to disclose the names of the three declarants in conformity with Rule 26(a)(1). Consequently, the Motion is **granted** for violation of Rule 26(a)(1) and in comformity with Rule 37(c).[1]

2.  Plaintiff seeks to strike the previously undisclosed expert opinion of Gerald Richard, Defendant's handwriting expert, attached as a declaration to Defendant's Reply Memorandum in Support of its Motion for Summary Judgment. There is no dispute that this expert opinion was formulated by Mr. Richard after the close of discovery and was never disclosed prior to filing to Plaintiff. See Defendant's Opp. at 7. Consequently, it is **struck**.

3.  Plaintiff also moves to strike Defendant's argument in its Reply to its Motion for Summary Judgment that HUD has suffered no loss because M&T indemnified it for three of the loans in question. As to this issue, it would appear that M&T made a slight mention of the argument on page 7 of its initial Memorandum in support of its summary judgment motion. Consequently, the

---

[1] It should be noted that there is no "rebuttal" exception to the requirements of Rule 26(a)(1), as M&T claims. In addition, it is clear that M&T knew the identification of the three declarants prior to close of discovery, and that they had knowledge that could be used to support its claims or defenses. Finally, M&T has offered no excuse for failing to disclose the names of these three individuals.

Motion to strike will be **denied**, but Plaintiff may have one week to file a response to Defendant's argument, and that response is **not to exceed five pages**.


April 11, 2006                                  /s/
                                                _____
                                                Gladys Kessler
                                                United States District Judge