UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel* ANNE M. FAGO, | : |
| Relator, | : |
| BRINGING THIS ACTION ON BEHALF OF THE UNITED STATES OF AMERICA, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 03-1406 (GK-JMF) |
| M & T MORTGAGE CORPORATION, | : |
| Defendant. | : |

**MEMORANDUM OPINION**

Upon consideration of Plaintiff/Relator's ("Fago" or "Plaintiff") Motion for a Protective Order, the Opposition of M & T Mortgage Corporation, Plaintiff's Reply, and the entire record in this case, the Court concludes that the Motion should be **granted** for the following reasons.

1.    M & T's service of a third party subpoena on the Department of Housing & Urban Development ("HUD") was untimely, without any justification for its untimeliness. Discovery in this case closed more than nine months ago. While discovery was reopened for a limited purpose at the July 31, 2006 Status Conference, because M & T had failed to adequately respond to earlier discovery requests of Plaintiff, it was made perfectly clear at that Status Conference that discovery was being reopened only as to the 476 loans which M & T had recently identified, and that it was not being reopened generally.

M & T admits that it knew, long before discovery closed in this case, that the documents it now seeks to subpoena existed and knew that HUD possessed them. M & T offers the extremely weak excuse that it did not issue a third party subpoena because it believed its FOIA request to HUD would be granted. However, M & T did not make its FOIA request until <u>after</u> the close of discovery. Moreover, there can be no excuse for M & T relying on its anticipation that its FOIA request would be granted, especially in light of the fact that its own corporate witness testified at a deposition that HUD does not willingly share information concerning the amount it receives from the sale of foreclosed properties, and that that witness had never been able to obtain information when he tried in this case and in other instances. If M & T had been diligent, it would have served its third party subpoena long before the close of discovery.

2.   M & T claims that Plaintiff will suffer no prejudice from its issuance of the subpoena. That is simply not correct. As Plaintiff points out, she will need to issue her own subpoenas to HUD concerning any expenses it incurred, since such expenses would then increase the amount of her claim; and she would need to depose M & T regarding any offsets it intends to claim and HUD employees concerning information in the documents. In short, Plaintiff would be required to expend time and expense because M & T has failed to abide by the discovery cutoff.

For these reasons, the Motion for Protective Order will be **granted**.


August 30, 2006                          /s/_____
                                         Gladys Kessler
                                         United States District Judge

**Copies via ECF to all counsel of record**